BERRY
*vs*
KENNEY.

---

COVENANT.

*Case* 32.

Oct. 3.

The case stated.

## Berry *vs* Kenney.

ERROR TO THE HARRISON CIRCUIT.

*Assignments. Pleadings. Diligence. Juries.*

JUDGE BRECK delivered the opinion of the Court.

KENNEY brought an action of covenant against Berry, and recovered a judgment, from which the latter has appealed to this Court.

The writing sued on, after reciting that Berry was the owner of a judgment in the Scott Circuit Court, against S. R. Smith, for $937 50, besides interest and costs, transfers a portion of it to Kenney as follows: "For value received I hereby assign and transfer to Jos. B. Kenney, six hundred and fifty dollars of said judgment, with interest thereon from the 1st March last, until paid—said Kenney is hereby given full authority to control and collect said judgment, and to take all necessary steps for its collection; if the said Kenney fails, in three years from the 1st March last, to make said sum and interest out of said Smith, I agree and bind myself to pay to said Kenney said sum of six hundred and fifty dollars, with lawful

interest thereon from the 1st March last until paid, this 20th May, 1840.                    GEO. W. BERRY."

The plaintiff in his declaration avers "that although he did fail in three years from the 1st March next *succeeding* the date of said writing, &c. to make said sum of $650 and interest, or any part thereof, yet the defendant did not pay, but refused to pay the plaintiff said sum of $650, with interest from the first day of March next *succeeding* the date of said writing, &c." The sufficiency of the declaration is brought up by demurrer, and presents the first question for consideration. The covenant vests the plaintiff with authority to control the judgment and to take all necessary steps for its collection, and we think very clearly implies that reasonable diligence was to be used by the plaintiff for its collection, before the defendant was to be held responsible. The defendant covenants to pay the $650 of the judgment assigned to the plaintiff by him, if the plaintiff *fails in three years, &c. to make* it out of Smith. The word *fail* as here used, very clearly imports *inability*, and the proper construction of the clause is, if the plaintiff is unable in the specified time, after using reasonable diligence to make the money out of Smith, the defendant, in that event, covenants to pay it. The plaintiff avers in his declaration, that although he did fail to make the $650 out of Smith, yet the defendant did not pay said sum, &c. Is this a sufficient averment of performance by the plaintiff of what was evidently contemplated by the parties, to entitle him to an action upon the covenant against the defendant? We think not,

It is true the declaration pursues the words of the contract, that he "did fail to make the money out of Smith," &c. but it is not averred that any effort whatever was made for that purpose. The failure may have resulted entirely from neglect. The rule is, when it is necessary on the part of the plaintiff, to aver *performance*, it must be shown to have been according to the intent of the contract, for it is not sufficient to pursue the words, if the *intent* be not also performed, as on a promise in consideration that the plaintiff would cause A. to come to be bound to the defendant for £20, it is not sufficient to

---

*Margin notes:*

BERRY
*vs*
KENNEY.

B. assigned to K. a judgment on S. which he agrees to pay himself if K. *fails* to make it in 3 years; K. is bound to use reasonable diligence to recover the judgment in the 3 years, and in a suit against B. to aver diligence in trying to collect.

It is not always sufficient to aver a breach in the words of a covenant.

BERRY
*vs*
KENNEY.

aver that the plaintiff caused A. to come to be bound, but it ought to be also alledged that A. was bound: See 1 *Chitty's Pleadings*, 356. So in this case an averment of failure to make the money is not alone sufficient; it should have been averred that the plaintiff failed after using reasonable diligence. What steps or efforts on the part of the plaintiff to collect, would amount to reasonable diligence, we need not now enquire nor decide, nor is it necessary that the declaration should contain any specific averment as to such efforts. But an averment that the plaintiff failed or was unable to make the amount within the specified time, out of Smith, after using reasonable diligence, we think was necessary; and as the declaration contains no such averment, it was substantially defective, and the demurrer should have been sustained.

We have regarded the amended declaration as designed and intended as a substitute for the original declaration: but if the original declaration can be considered as having been relied on, then we think, the Court erred in sustaining the demurrer to the defendant's plea traversing the allegation that the plaintiff had used due diligence. It appears from the bill of exceptions, that the plaintiff obtained leave and amended his amended declaration by striking out the word "preceding," in two places in the assignment of the breach, and inserting the word "*succeeding*." As the word "preceding" was clearly the proper word and not *succeeding*, we presume there must be some clerical mistake in the record, although the word *succeeding* is still in the declaration in the several places as stated in the bill of exceptions. We make this suggestion that the declaration may also be amended in the particular to which we have alluded.

*Where it is necessary to aver diligence to show cause of action, a mere traverse of such allegation constitutes a good plea.*

No objection having been made in the Court below, that the jury consisted of thirteen jurors instead of twelve, it is too late to make the objection in this Court, as settled in the case of *Ross* vs *Neal*, (7 *Monroe*, 408.) But it is insisted that the jury in this case was merely sworn to enquire of damages, and that it does not appear that the defendant was present. It appears, however, that he was present immediately before, attending to the defence of

*It is no good objection in this Court, that a jury was composed of 13 instead of 12 jurors, if not made in the Court below where the defendant was present in Court.*

the case, and may be presumed to have been present upon the execution of the writ of enquiry, and to have waived any objection to the jury.

Several other errors are suggested, but which we deem unnecessary to notice.

The judgment is reversed and the cause remanded with directions to permit the plaintiff to amend his declaration, and for further proceedings consistent with this opinion.

*Cates & Lindsey* for plaintiff.