GEO P. SALTENBERRY *v.* RICHARD LOUCKS et al.

The Act of 1844, requiring bond to be given to the State by the Register and Receiver of the Land Office, does not provide for the transfer, or assignment of it to individuals aggrieved by the Register. And it is not seen how the obligation of the sureties to the State can be extended by implication, so as to inure to the benefit of third persons.

The condition of the bond is, that Loucks shall well and faithfully do and perform all the duties required of him by law, in his capacity of Register of the Land Office. To receive the price of lands sold is not one of his official duties:—*that* is expressly assigned to the Treasurer. The plaintiff deposited the price of the land bought by him with the Register. He made the Register his own agent, and the sureties have not warranted against the risks of this agency.

APPEAL from the District Court, Sixth District, Parish of East Baton Rouge, *Robertson*, J.

ROST, J. The Act of 1844, under which the defendant *Richard Loucks* was appointed Receiver and Register of the Land Office, required that he should give good and sufficient security to the State for the faithful discharge of the duties of the office, and the bond sued upon was given in compliance therewith.

In 1851, the plaintiff made application to *Loucks* to purchase certain lands, and paid him the sum of $725; whereupon *Loucks* delivered to him a certificate showing that said sum had been paid by the plaintiff, as required by law,

and that he was entitled to the land. The money paid to *Loucks* was not paid over by him to the Treasurer, and he made no entry of the purchase on his books. The successor of *Loucks*, for these and other reasons, refused to issue a patent for the land. The question raised by the issue is, whether the securities of *Loucks*, on his bond, are liable to the plaintiff.

The Act of 1844, requiring the bond to be given, does not provide for the transfer or assignment of it to individuals aggrieved by the register. It is, on its face, in favor of the State alone, and we do not see how the obligation of the sureties can be extended, by implication, so as to inure to the plaintiff's benefit. But if it could be, the plaintiff's case is not made out.

The condition of the bond is, that *Loucks* shall well and faithfully do and perform all the duties required of him by law in his capacity of Register of the Land Office. To receive the price of the lands sold, is not one of the duties required of him by law—that duty is expressly assigned to the State Treasurer. The plaintiff, knowing this, deposited the money in the hands of *Loucks*, thus constituting him his agent to make the payment. It is no part of the undertaking of the sureties to warrant against the risks of that agency.

The grounds that the land sold was not in the district of *Loucks*, and did not belong to the State at the time of the sale, would only give the plaintiff the right to have the money refunded, if he had paid it into the Treasury. Land thus situated can no more be said to have been sold, in discharge of the duties of the office, than if it had been in Maine or California, and the maxim of *caveat emptor* would apply equally to either case.

Judgment affirmed, with costs.