WILLIAM CRESSEY, Respondent, *vs.* PETER GIERMAN, *et als.* Appellants.

APPEAL FROM THE DISTRICT COURT OF SCOTT COUNTY.

A justice of the Peace is not authorized by statute to receive money as security for the appearance of a prisoner before him for examination on a criminal charge, and where he does so receive it, and refuses to return the money to the party entitled thereto, an action will not lie against his sureties for a breach of the official bond of the justice.

The District Court has jurisdiction of an action, where the amount in controversy is less than one hundred dollars.

The following is a copy of the complaint :

The Plaintiff in the above entitled action for amended complaint therein, respectfully states and shows to the Court ;— the complaint then proceeds with allegations showing that Defendant Gierman was on the 3d of April, 1860, duly elected a Justice of Peace for Scott county, and that the Defendants, on the 7th of July, 1860, duly executed a bond in the penal sum of $500, to " the chairman of the Board of Supervisors of the town of Shakopee," with the condition to be void if the said Gierman " shall faithfully discharge all of his duties as such Justice of the Peace."

And the Plaintiff further says, that afterwards, and on the 9th day of July, A. D. 1861, the said Peter Gierman, acting as

a Justice of the Peace under the election and qualification aforesaid, issued a warrant of arrest against J. Augustus Benson, under the fictitious name of "John Doe," and that on the day last aforesaid the said Benson was arrested by the sheriff of said county, by virtue of said warrant of arrest, and at the hour of ten o'clock A. M. on the day last aforesaid, was brought before said Justice for examination upon the charge therein contained, to wit : the charge of stealing personal property of the aggregate value of forty-seven dollars, and that thereupon upon the application of the County Attorney of said county, the said Justice postponed said examination until 4 o'clock P. M. of the day last aforesaid, whereupon the said Justice required security of said Benson for his appearance before the said Justice at the hour last mentioned to abide said examination upon said charge, and that the said Benson did then and there give said security to said Justice, by depositing and leaving with said Justice the sum of fifty-five dollars in gold and silver coin.

And the Plaintiff further says that at the hour of 4 o'clock P. M. on the day last aforesaid, the said Benson did appear before said Justice and submit himself to the custody and jurisdiction of said Justice, in all things according to the aforesaid requirements or order of said Justice, and thereupon waived an examination upon the charge of stealing aforesaid, and offered to enter into a recognizance with this Plaintiff as security for his appearance at the then next regular term of said Court, to be holden in said county of Scott, and that thereupon said Justice fixed and determined the amount of recognizance to be so entered into, at the sum of two hundred dollars, and that thereupon said recognizance was made and executed and approved of by said Justice, and by said Justice delivered to said sheriff for the uses and purposes hereinafter stated, as follows, to wit :

Before the execution of said recognizance and before the entering therein by the Plaintiff, the said Benson, in consideration that the Plaintiff would so enter into said recognizance promised and agreed with the Plaintiff to transfer to the possession of the Plaintiff, personal property of the amount and value of the aforesaid sum of two hundred dollars, to secure

the Plaintiff against loss by reason of the entering into and executing and delivering of said recognizance, and that among the items of property which said Benson agreed to transfer to the Plaintiff as aforesaid, was the aforesaid sum of fifty-five dollars deposited with said Justice as aforesaid, and which said sum of money last aforesaid, the said Justice then held in his possession as aforesaid, and that said agreement so made by said Benson was made in the presence and hearing of said Justice, and that said Justice assented thereto and promised the said Plaintiff that he would so deliver said sum of fifty-five dollars to said Plaintiff, when the said recognizance should be delivered to said Justice to be filed, and to go into effect, and that thereupon the said Benson was ordered into the custody of said sheriff by said Justice, to be by said sheriff discharged and released when said Plaintiff should consent to the filing of said recognizance with said Justice, to the end that the same should take effect and be in force.

And the Plaintiff further says that said Benson did thereupon transfer to the Plaintiff the said two hundred dollars worth of personal property, saving and excepting the aforesaid sum of fifty-five dollars, deposited with said Justice as aforesaid, and thereupon authorized and empowered the Plaintiff to take and receive the aforesaid sum of fifty-five dollars from said Justice, and that thereupon, the said sheriff released and discharged said Benson from his custody, and on the 10th day of July aforesaid, the said recognizance was, by the consent of the Plaintiff, filed and deposited with said Justice by said sheriff, as security aforesaid for the appearance of said Benson at said Court, and that the Plaintiff thereupon demanded of said Justice the delivery to him of the aforesaid sum of fifty-five dollars so deposited and left with him by said Benson as aforesaid, but the Plaintiff further says that said Justice willfully, fraudulently and corruptly intending to cheat and defraud the Plaintiff, refused to deliver the said sum of money to the Plaintiff, or any part thereof, and has not delivered the same or any part thereof to the Plaintiff, but instead thereof, has fraudulently and corruptly converted the same to his own use, and therefore the Plaintiff says and

alleges that said Defendants and each of them have violated and broken the condition of said bond or writing obligatory, in this, to wit: said Justice has not faithfully discharged his official duties in the respects hereinbefore set forth.

And the Plaintiff further says that before the commence-ment of this action, he obtained leave to bring an action for the causes hereinbefore set forth, from the said Court, upon the aforesaid official bond of said Justice.

And the Plaintiff further says that by reason of the aforesaid fraudulent, willful and corrupt acts of the said Justice, the Plaintiff has been damaged in the sum of one hundred and fifty dollars, for which sum the Plaintiff demands judgment against said Defendants and each of them, besides costs.

Points and Authorities for Appellants.

I.—The District Court has no jurisdiction of the subject of this action, because the facts alleged in the amended complaint do not entitle the Respondent to recover a sum greater than one hundred dollars. 5 *Sand.* 649; *Voorhes' Code,* 183 *e.*

II.—The amended complaint is defective in not showing that Peter Gierman, the Justice of the Peace, has done or omitted to do an official act or duty, working a forfeiture of his official bond.

III.—The Respondent is not the owner of the coin in controversy, and he seeks in this action only to recover damages for the non-performance of a contract with one Benson for a pawn or pledge of the same to secure him against a contingent liability. The allegations of the amended complaint may constitute a cause of action against Benson, but do not constitute a breach of the conditions of the official bond therein set out, nor a cause of action against the Appellants.

1st. Because the facts alleged do not constitute a valid contract or privity of contract, between the Respondent and either or any or all the Appellants ; or

2d. If they do constitute a valid contract between the Respondent and a Justice of the Peace, then the breach of that executory contract for a pledge of the coin to " secure " the Respon-

dent "against loss," is not a breach of the conditions of his official bond, for it is no part of the official duty of a Justice of the Peace to make or perform contracts, and his official bond is not made to secure the performance of his contracts.

3d. Because actual delivery is necessary to render a pledge valid. 1 *Steph. N. P.* 332; *Cow. Tr.* 4 *Ed. S.* 100, *subdiv.* 4, 616, 618, 125; *Story Bail*, 197; 24 *Wend.* 260.

Points and Authorities for Respondent.

I.—The amount for which the Plaintiff below, (and Respondent here), brings the action is wholly immaterial, because a Justice of the Peace has no jurisdiction of an action upon the official bond of another Justice. *Comp. Stat. p.* 498, *sec.* 5, *chap.* 59.

A Justice of the Peace has no jurisdiction in a suit upon any official bond except where it is expressly conferred by statute, and there is only one instance where such power is conferred, which is in case of constables' bonds. *Comp. Stat. p.* 521, *sec.* 177.

The District Court has jurisdiction in all civil actions of which a Justice of the Peace has not. *Comp. Stat. p.* 478, *sec.* 1.

II.—The counsel for the Appellant is mistaken in his second point, in supposing that the Respondent "seeks in this action only to recover damages for the non-performance of a contract with Benson," &c.; such is not the object of this action. The object of this action is to enforce the right of Benson to the possession of the money, and to recover damages for a corrupt violation of that right.

III.—It *is* a part of the duties of a Justice of the Peace to make and perform contracts, and the Justice in this case has made the contract set forth in the complaint, and that (says the statute) shall be construed as security to all persons severally, &c. *Comp. Stat. p.* 615, *sec.* 1. If Benson had the right to recover on that contract, then also has the Respondent the same right.

IV.—At common law, if a creditor assigned a debt or cause of action, (which by law was assignable), and if the debtor

upon receiving notice thereof, promised the assignee that he would pay the same to the assignee, then the assignee could sue in his own name and recover thereon. But since the code, the assignee must sue in his own name at all events and no promise is necessary, nor is it necessary that there should be any privity of contract any more than formerly. It is the original contract between the debtor on the one side and the creditor on the other that is enforced in such actions. The complaint in this case states sufficient to entitle the Respondent to recover in his own name even under the former system of practice. *Matheson* vs. *Craig*, 1 *McCord*, 219; *Long* vs. *Fisk*, 2 *Fairfield's R.* 385; *Courier* vs. *Hodgdon*, 3 *N. H. R.* 82; *Crooker* vs. *Whitney*, 10 *Mass. R.* 316.

V.—As to whether the Respondent in this case stands in the position, having the rights of an assignee, see *Wheeler* vs. *Wheeler*, 9 *Cow. R.* 34; *Frear* vs. *Evertson*, 20 *John's R.* 142; *Beal* vs. *The Bank*, 5 *Watts*, 529. Any order, writing or act which makes an appropriation of a fund, amounts to an equitable assignment of that fund. 2 *Story's Equity Juris.* sec. 311.

VI.—The next and most important point in the case, is the question as to what rights, liabilities and securities pass to the assignee by an assignment. That all the rights, liabilities, remedies and securities, whether personal or real, private, public or official, of which the assignor might avail himself in the enforcement of his claim or cause of action, would and do pass to the assignee, it is confidently believed that the following authorities fully settle and confirm. 3 *John's Cases*, 392; 2 *Gal. U. S. R.* 155; 2 *Penn. R.* 361; 2 *Selden*, 179; 3 *Abbott's R.* 431; 11 *John's R.* 534.

Henry Hinds, Counsel for Appellants.

L. M. Brown, Counsel for Respondent.

*By the Court*—Atwater, J.—The bond upon which it was sought to hold the Defendants liable was conditioned for the faithful discharge of all the duties of Gierman as Justice of the Peace. The important question presented therefore by

the demurrer, is to determine whether the complaint alleges the breach of any duty incumbent on Gierman "as Justice of the Peace."

*Sec. 9, p.* 746, *Comp. Stat.*, provides that " any magistrate may adjourn an examination or trial pending before himself from time to time as occasion shall require, not exceeding ten days at one time, without the consent of the Defendant or person charged, and at the same or a different place in the county as he shall think proper, and in such case, if the party is charged with a capital offence, he shall be. committed in the mean time ; otherwise he may be recognized in a sum, and with sureties, to the satisfaction of the magistrate for his appearance for such further examination, and for want of such recognizance, he shall be committed to prison."

*Section* 18 of the same chapter provides, " that if it shall appear that an offence has been committed, and that there is probable cause to believe the prisoner guilty, and if the offence be bailable by the magistrate, and the prisoner offer sufficient bail, or the amount of money in lieu thereof, it shall be taken and the prisoner discharged." These are all the statutory provisions, so far as we find, bearing upon the case.

It will be observed that upon the adjournment of a trial or examination, the statute confers no authority upon the magistrate to accept a sum of money as security for the appearance of the prisoner, but to recognize him in a sum, and with sureties to the satisfaction of the magistrate, and for want of such recognizance, he shall be committed to prison. There was no authority therefore conferred upon the justice to receive from the prisoner a deposit of specie as security for his appearance for examination, much less a duty imposed on him so to do.

If it was no part of the official duty of the Justice to receive this money, he incurred no official responsibility in refusing to return it. In receiving it, he did so as an individual, and his responsibility therefor is the same as would be that of any other individual in like circumstances. That he might have taken the money in good faith, and supposing he had the right to receive it for the purpose stated, could not of course change his legal liability therefor, nor render his re-

fusal to return the same any the more a breach of official duty. His liability must be determined from the language and true construction of the statute, and not from his interpretation of the same.

It is urged by Respondent that as section 18 authorizes the Justice to receive money, after it has been determined that there is probable cause to hold the party to answer, much more may it be supposed that it was not the intent to refuse him this privilege on a preliminary examination. What the reasons were which induced the legislature to allow this security in one case, and refuse it in the other, may not be easy to determine, though I can conceive of reasons which might have operated to produce this result. But the legislature had the undoubted right to make the distinction, even without any reason, and the only question is, whether the legislature has made it a part of the official duty of the Justice to rereive this money under the circumstances stated. And instead of assenting to the view taken by the Respondent, I think under the ordinary rules of construction, directly the reverse is the argument to be deduced from the fact, that in one case the legislature has omitted to give authority to take this kind of security ; and in another section of the same chapter, and treating of the same subject matter has expressly granted it. The legal inference is, that the omission in the first instance was not accidental, but *ex industria*.

Sureties are looked upon with favor in the eye of the law, and contracts not construed strictly against them, nor a liability imposed by statute, not plainly or fairly deducible from the terms thereof. The sureties on the official bond of the Justice, cannot, it is true, set up as a defence that they did not know what duties the law had imposed on the Justice, but were they reasonably bound to construe the law as claimed by Respondent? Had they not, on the contrary, the strongest reason to suppose they were assuming no responsibility for money received under such circumstances, or rather, that the Justice would never receive money under such circumstances, as the statute had not authorized him to do so? And if there be a doubt as to the true construction of the statute in this regard, the sureties are entitled to the benefit of the

· doubt, rather than that it should be construed against them by inference or implication. I think it was no part of the official duty of the Justice to receive this money under the facts stated, and that none was violated in refusing to return it, and that consequently the sureties are not liable for a breach of the bond.

So far as the Defendant Gierman is concerned however, I think the complaint states a good cause of action, though not for a breach of his bond, or the promise stated in the complaint to return the money. The complaint shows that he received a certain quantity of money belonging to Benson. He had no right to receive that money on the pretence, or for the object for which it was taken, though if the Defendant in the action paid it to him voluntarily, as an individual he was not wrongfully in possession of it, and might hold it until the condition on which it was taken was fulfilled, or at least until Benson demanded it. But as soon as Benson appeared at the appointed time for his examination, he was entitled to receive back his money, and the justice had no right to hold it, and this, whether there was a demand for it or not, though the question of demand does not here arise. And Benson having a right to receive his money back, had of course the right to authorize any other person to receive it. The complaint states that he did authorize and empower the Plaintiff to take and receive the money of the Justice, that the Plaintiff demanded the same of the Justice who refused to deliver the money to him. These facts all stand admitted by the demurrer. The question of a pawn or pledge does not necessarily arise in this case. There is considerable matter in the complaint which is not essential to the cause of action, and which might have well been omitted. The promise of the Justice to pay over the money to Cressey, on the arrangement made between the latter and Benson, can neither increase or diminish his liability, since his obligation to return the money does not rest upon that contract, but upon an entirely different ground. Nor has he anything to do with the question as to whether that contract was a valid one or not. He had Benson's money, and was bound to restore it, and the only question which concerned him in the premises, was whether

Benson had authorized the Plaintiff to receive the money in his stead. And as the pleading admits all these facts, a cause of action exists against the Defendant Gierman. And sufficient facts appearing in the complaint to warrant a judgment against the Defendant for this money, it should not defeat the right of the Plaintiff that he has asked for relief upon the wrong ground, and claims more than he is entitled to.

This view makes it necessary to advert to one point disclosed by the papers, but not urged on the argument. It appears that one of the grounds of demurrer originally taken was that the District Court had not jurisdiction of the action the amount in controversy being less than one hundred dollars. This ground was afterwards abandoned, for the reason that the right of recovery was founded upon the official bond of a Justice of the Peace, of which a Justice's Court has not jurisdiction. As the action cannot be maintained on the bond, the objection would stand good if the District Court has not jurisdiction in an ordinary action, where the amount in controversy is less than $100. We had occasion to examine this question in *Agin vs. Heyward, executrix, &c.*, decided at the last December term, and there held that the District Court had jurisdiction in actions where the amount in controversy was less than one hundred dollars, the only disability imposed upon the Plaintiff being, that he cannot recover costs where the amount recovered is less than that sum.

The order overruling the demurrer of Berthold and Reis should be reversed, and sustained as to the demurrer of Gierman, and the case remanded to the District Court of Scott County.