JACK BULLARD V. THE STATE OF TEXAS.

1. No legal verdict can be rendered in a criminal cause by a jury composed
   of more than twelve men.
2. If a jury of more than twelve has been impanneled, and the last juror
   sworn can be pointed out during the trial, he may be dismissed from the
   panel and the trial proceed.

APPEAL from Ellis.    Tried below before the Hon.
Hardin Hart.                    ·

*Attorney-General,* for the State.

WALKER, J.—We need notice but one of the errors as-
signed for reversing this case.

The appellant was indicted for horse stealing in the
District Court of Ellis county, and tried before a jury of
thirteen men, convicted, and adjudged to suffer imprison-
ment in the penitentiary for the term of ten years. This
is certainly a very novel irregularity in a Texas court.
Article 3007, Paschal's Digest, declares "that the only
mode of trial upon issues of fact in the District Court is
by a jury of *twelve men,* except in certain cases other-
wise provided for."

Similar cases have seldom occurred, but when they
have occurred the courts in England and in the different
States have expressed a diversity of opinion. In Missis-
sippi a verdict of thirteen jurors was set aside. (Wolf
*et al.* v. Martin, 1 How., 30.) In Tileman *et al.* v. Ailles,
5 Smedes & Marsh., 378, the court refused to allow
it as error, that the verdict was rendered by thirteen ju-
rors, but state that if it had been rendered by a less num-
ber than twelve it would be void. In Kentucky the court
held that the defendant being present, and not objecting
when the jury was sworn, could not maintain it as error

that the verdict was rendered by thirteen jurors. (5 B. Mon., 120. In Ross v. Neal, 7 Minn., 407, the court held the verdict void, if excepted to in the court below.

The English courts have allowed the last juror sworn to be discharged from the panel, and the trial to proceed, where the mistake is discovered before the jury retired to deliberate. But we think, under our law, there is no room for the courts to speculate upon such irregularity. If the fact is discovered before the verdict is rendered, the cause should be withdrawn from the jury, and a lawful jury impanneled and sworn to try it; or, if the last juror sworn can be pointed out, he may be dismissed from the panel, and the trial proceed before the legally constituted jury. But if more jurors than the legal number are permitted to deliberate on the verdict, the verdict should be set aside and a new trial awarded.

The judgment in this case is reversed and the cause remanded.

REVERSED AND REMANDED.