## NED DAVIS *v.* THE STATE.

1. PRACTICE — ORGANIZATION OF JURY. — When the jury-box contains less than the maximum number of names, it becomes the duty of the clerk to draw the names which are in the box and write them on two slips of paper, giving one to the attorney for the State and the other to the defendant or his attorney. If there are more than twelve names on the lists, the parties will select the jury therefrom; if there are less than twelve, the court will order a sufficient number of talesmen to complete the panel. This rule applies to the organization of juries in felonies less than capital.

2. SAME. — If the clerk draws from the box a less number of names than the maximum, it will be presumed, in the absence of anything to show the contrary, that he drew all that were remaining in the box and could not furnish a maximum.

3. SAME — CASE STATED. — In this case fourteen names were drawn, and the defendant struck the name of P. from the list. Thirteen jurors, including P., who was stricken from the list, were sworn and placed in the jury-box, when the State introduced two witnesses and closed, and the defendant declined to introduce evidence. At this juncture it was discovered that thirteen jurors were in the box, and the court, over defendant's objection, ordered P., the rejected juror, to retire, and submitted the case to the remaining twelve. The bill of exceptions shows that, from the time the jury were empanelled until P. was dismissed, the jury had not separated, nor had an opportunity of conversing together. *Held,* that the court did not err, and that the jury was legally organized.

4. SAME. — *Bullard* v. *The State,* 38 Texas, 504, wherein it is held that if a jury of more than twelve is empanelled, and the last juror sworn can be pointed out, he may be dismissed from the panel and the trial proceed, cited and approved.

APPEAL from the District Court of Lamar. Tried below before the Hon. R. R. GAINES.

The indictment charged the defendant with an assault with intent to murder, upon the person of Orange Gray.

His trial resulted in a verdict of guilty, and his punishment was assessed at three years' confinement in the State penitentiary.

*J. M. Long*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, and *N. W. Finley*, for the State.

WHITE, P. J.    In the absence of anything going to show the contrary, it will be presumed that the fourteen names drawn by the clerk from the jury-box were all that there were remaining in the box, and consequently that he could not furnish a maximum list of jurors (twenty-four) as prescribed for felony cases less than capital.    Code Cr. Proc., art. 646.    The statute provides that when there is a less number than the maximum in the box, the clerk shall draw the names that are in the box, and write them upon two slips of paper, and deliver one to the attorney for the State and the other to the defendant or his attorney. Ibid.    If there are more names than twelve on the lists, the parties will proceed to select therefrom the jury; if there are less than twelve, then the court will order as many talesmen summoned as he may deem necessary to complete the panel.    Id., art. 647.

In this case there were fourteen names drawn.    From this list of fourteen names the defendant struck the name of A. C. Paul.    It is fair to infer, though not stated in the bill of exceptions, that the prosecuting officer or defendant also struck another name.    At all events, thirteen men were put into the jury-box and sworn to try the cause, and amongst them A. C. Paul, the juror who had been stricken from the list by defendant.    But two witnesses were sworn and had testified when the State closed, and defendant declined to introduce any evidence.    At this juncture it was discovered that there were thirteen men on the jury, and the court ordered A. C. Paul, the juror stricken off by the defendant, to retire from

the box, which he did, over objection of defendant, and the court's charge upon the law was given to the twelve jurors remaining, who further considered and returned the verdict rendered. In his explanation to the bill of exceptions the judge says : " From the time the jury were empanelled until the said Paul was discharged they had never left the box, and had no opportunity of conversing together."

No error is perceived in the action of the court; on the contrary, it was in conformity with the rule laid down in *Bullard* v. *The State*, 38 Texas, 504, wherein it was held that " if a jury of more than twelve men has been empanelled, and the last juror sworn can be pointed out during the trial, he may be dismissed from the panel and the trial proceed." Paul may not have been the last juror sworn, since the jury may all have been sworn together (Code Cr. Proc., art. 657) ; but he was the one defendant had stricken from the list and desired to get rid of, as shown by the bill of exceptions, and the court did right in standing him aside, since the rest of the jurors had been accepted and were unexceptionable.

There is no error in any of the proceedings on the trial, and the judgment is affirmed.

*Affirmed.*