[No. 7,723.   Department Two. — June 28, 1884.]

## THE CITY OF SAN JOSE, RESPONDENT, *v.* GARRETT WELCH ET AL., APPELLANTS.

OFFICIAL BOND — LIABILITY OF SURETIES — COLLECTION OF TAXES BY CITY ASSESSORS OF SAN JOSE. — The bond of the city assessor and clerk of the city of San Jose was conditioned that he should well and truly and faithfully perform the duties of the office according to the laws and ordinances and regulations passed and approved by the mayor and common council of the city. No law, ordinance, or regulation, was passed by the mayor and common council authorizing the assessor and clerk to collect taxes. *Held,* that the sureties on the bond are not liable for a failure of the officer to pay over taxes collected by him, and that section 3820 of the Political Code, imposing a duty on assessors to collect taxes under certain circumstances, does not extend the liability of the sureties.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Wm. H. McGrew, Wm. M. Lovell, J. T. Malone,* and *D. M. Delmas,* for Appellants.

*D. W. Herrington,* for Respondent.

The COURT. — This is an action on the bond of one Castle, given as city assessor and city clerk. The condition of the bond is that Castle "shall well and truly and faithfully perform the duties of city assessor and city clerk, according to the laws and ordinances and regulations passed and approved by the mayor and common council of the city of San Jose." Castle made an assessment of property, and collected from divers persons assessed on the assessment roll for personal property, divers

sums as taxes which were not secured on real estate, and failed to pay over to the treasurer the sum of $1,893.20, so collected; and this action was brought to recover that amount of his sureties.

No law, ordinance, or regulation was passed and approved by the mayor and common council authorizing the assessor and clerk to collect any taxes; on the contrary, the ordinance passed by the mayor and common council directed the clerk to make out an assessment roll and deliver a copy thereof to the collector, and authorized the collector to make collections of all taxes, as well those not secured on real estate as those secured.

The bond given by Castle being to perform the duties of the office according to the laws, ordinances, and regulations passed and approved by the mayor and common council, and no law, ordinance, or regulation having been passed by the mayor and common council authorizing him to make collections, the sureties on his bond are not liable for his omission to pay over.

It is claimed on behalf of the city, that under section 3820 of the Political Code it was the duty of the assessor to collect taxes on personal property not a lien on real property, upon the ground that by the charter of the city of San Jose, section 13 (Stats. 1873–74, p. 401), the common council, in providing for the levying and collecting of all city taxes, was to be governed by the State laws, and could not take from the assessor the duty of collecting unsecured personal property taxes; and it being by law (§ 3820, *supra*), the duty of the assessor to make the collections in question, his sureties are liable. It is sufficient to say, in that regard, that the bond is limited in terms to duties cast upon the principal by the mayor and common council, and the liability of the sureties cannot be extended.

Judgment and order reversed, and cause remanded with directions to render judgment for defendants.