PEOPLE *ex rel.* LANE *v.* HILTON *et al.*

(*Circuit Court, E. D. Michigan.* September 10, 1888.)

SHERIFF — LIABILITY OF SURETIES — EMBEZZLEMENT — UNAUTHORIZED RECEIPT OF MONEY IN LIEU OF BOND

A sheriff holding a writ of replevin for execution received from the plaintiff in replevin a deposit of money in lieu of the bond required by statute for the diligent prosecution of the suit, and subsequently embezzled the money. *Held,* that the receipt of the money, not being authorized by law, was an extraofficial act, and that the sureties upon the bond of the sheriff were not liable for the amount.

At Law.

This was a demurrer to a declaration against a sheriff and his bondsmen for failure to pay over certain moneys alleged to have been received by him in his official capacity. The condition of the sheriff's bond was that, "if said Hilton shall well and faithfully in all things perform and execute the duties of the office of sheriff of said county of St. Clair during his continuance in said office, by virtue of said election, without fraud, deceit, or oppression, and shall pay over all moneys that shall or may come into his hands as such sheriff, then said obligation to be void; otherwise to be and remain in full force." The facts relied upon as a breach of the condition of the bond were substantially as follows: In September, 1880, one John L. Smith brought an action of replevin in the circuit court for the county of St. Clair against John McKay *et al.*, to recover a lot of cedar posts and poles. The writ was placed in the hands of the defendant Hilton for execution. The sheriff took possession of the property named in the writ, and made the usual demand upon the plaintiff for a bond in replevin, as required by the statutes of Michigan, conditioned upon the prosecution of the suit, and payment of any judgment recovered by the defendant. Smith, being unable to furnish the bond, suggested that he procure a friend to deposit with the sheriff $1,500 in

money as a substitute for a bond, to which the sheriff assented, and stated the money would answer every purpose, and that he would accept it in lieu of a bond. In pursuance of this arrangement the relator, Charles R. Lane, deposited in the Fort Plain Bank at Fort Plain, N. Y., the sum of $1,500 to the credit of John Hilton, sheriff. Hilton subsequently drew the money from the bank at Fort Plain, and deposited the same, as sheriff, in the First National Bank of Port Huron, and subsequently withdrew it from the bank and embezzled it. In 1884 the replevin suit was terminated by a decision in favor of the plaintiff. Lane thereupon became entitled to his money, and demanded a return of it, and, upon the failure of Hilton to account, brought this suit upon his official bond. Defendants, the sureties upon the bond, demurred to the declaration upon the ground that the money was not received by the sheriff in his official capacity, and that his failure to pay it over was not a breach of his bond as sheriff.

*M. E. Dowling,* for plaintiff.

*Messrs. O'Brien, J. Atkinson,* and *N. E. Thomas,* for defendants.

BROWN, J., (*after stating the facts as above.*) There is no doubt of the general proposition that the obligation of a surety is *strictissimi juris,* and cannot be extended by construction. He is liable only where there is a breach of the letter of his contract. The sureties upon an official bond, as a rule, are only liable for such sums of money as their principal may lawfully receive by virtue of his office. Brandt, Sur. § 451. The only question in this case is whether the money received by the sheriff was received in his official capacity as sheriff, or as the agent of the plaintiff in the replevin case. The fact that he deposited the money in the bank "as sheriff," and that he drew it from the bank by checks signed by him in his official capacity, does not establish the official character of the transaction, unless the act were one which he in fact was authorized to do by virtue of his office. Nor does the fact that, if defendant had recovered judgment against the plaintiff in the case, he might have used this money in payment of such judgment, tend to show that he acted in his official capacity, because the plaintiff himself or any agent of the plaintiff might have done likewise with any money in his hands belonging to the plaintiff. We are therefore constrained to examine the statute to ascertain the powers and duties of a sheriff in the execution of a writ of replevin. By How. St. § 8324, before the sheriff shall deliver property replevied to the plaintiff, "such plaintiff, or some one in his behalf, shall execute a bond to such officer and his assigns, with the addition of his name of office," in at least double the appraised value of the property, "conditioned that the plaintiff will prosecute the suit to effect; and, if the defendant recover judgment against him in the action, he will return the same property, if return thereof be adjudged, and will pay the defendant all such sums of money as may be recovered by such defendant against him in the said action." And by section 8325, "if the plaintiff shall fail to cause such bond to be executed and delivered to the officer within 24 hours after the appraisal of such property, the officer

shall return the same to the person from whom he took it." This is the extent of the officer's power in the premises. However convenient it may be to receive a deposit of money in lieu of a bond, it is not a proceeding authorized by the statute, or contemplated by law, and the sureties upon the official bond of the officer cannot be held for any dereliction of duty in connection with such deposit. We are not without authority upon this point. In the case of *State* v. *Long*, 8 Ired. 415, where a sheriff, instead of taking bail, received money on deposit from a defendant, who afterwards wished to surrender himself, and demanded a return of the money, it was held that the deposit of money with the sheriff under such circumstances was not an official act, and that his sureties were not liable for such funds. So in *Schloss* v. *White*, 16 Cal. 66, the sheriff agreed to sell property taken upon a writ of attachment, and keep the proceeds instead of the property to await the result of an action of replevin against him, and it was held that his sureties were not liable. So in *Cressey* v. *Gierman*, 7 Minn. 398, (Gil. 316,) a justice received money from a defendant, instead of a recognizance, to secure defendant's appearance before him for examination on a criminal charge. This money he refused to return, and suit was brought upon his bond; but the court held that his sureties were not liable, upon the ground that his receipt of the money, instead of a recognizance, was an extraofficial act. A number of cases to the same purport are contained in Brandt, Sur. §§ 481, 483, 484. An order will be entered sustaining the demurrer.