WILLIAM McRAE AND MICHAEL LALLY v. THE GRAND RAPIDS, LANSING & DETROIT RAILROAD COMPANY.

*Constitutional law—Trial by jury—Jury of less than twelve.*

1. Article 6, § 27, of the Constitution of this State, which provides that "the right of trial by jury shall remain," means that right as it existed at the common law, namely, a trial by a jury of 12 good men and true, whose determination must be unanimous upon the rights of the parties.

2. The power vested in the Legislature by article 4, § 46, of the Constitution, to "authorize a trial by a jury of a less number than twelve men," cannot be delegated to any court or other tribunal.

3. Act No. 142, Laws of 1861 (How. Stat. § 7622), which authorizes the court to proceed with the trial of a case before a less number of jurors than were originally impaneled to try the same, when by reason of death, sickness, or other cause any of the jurors are unable to attend, is unconstitutional.

Error to Wayne. (Hosmer, J.) Argued October 11, 1892. Decided November 4, 1892.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*Charles B. Lothrop (Edwin F. Conely,* of counsel), for appellant.

*Atkinson, Carpenter & Brooke,* for plaintiffs.

LONG, J. This cause came on for trial in the Wayne circuit court December 2, 1890, and occupied the entire time of the court and jury, with the exception of occasional adjournments on account of the illness of jurors and counsel, until April 25, 1891, when the plaintiffs had verdict and judgment for $91,531.38. Defendant brings error.

The record shows that on April 13, 1891, Mr. Stamm, one of the jurors, who had been quite ill for several days, was discharged by order of the court, against the protest of defendant's counsel, and the trial directed to proceed with the 11 remaining jurors. The 11 jurors rendered the above verdict. Error is assigned upon this ruling. On the argument here, counsel were confined to this one question, as defendant's counsel insist that this amounted to a mistrial.

It is to be regretted that the rights of the parties cannot be settled upon the present record, which has taken so much time in the court below, and involved so large an expense; the record containing over 3,500 pages of printed matter. But the question raised is one of great importance to the jurisprudence of the State and the rights of litigants in the courts, and the Court should not hesitate, on account of the immense interests involved, to settle at the outset so important a principle. This is the first time since the enactment of the statute upon which plaintiffs' counsel rely to sustain the verdict that the question has been brought to the attention of this Court, though it is believed that in some of the circuit and justices' courts the statute has been construed as contended by plaintiffs' counsel.

It is not important to enter upon an investigation of the history of the right of trial by jury. Just how it had its origin is involved in some mystery; but, whatever its origin, the right of trial by a jury of 12 men became fixed centuries ago in the common law, and unanimity of verdict became requisite, until, wherever the Anglo-Saxon tongue was spoken, and in many other countries, this right came to be regarded as the great bulwark of the liberty of the citizen. Whether charged with an offense against the commonwealth, or in a controversy with another, the right could always be invoked. When separated from the mother country, we regarded it as a birthright, and have ever been jealous of any attempted innovations upon the system. In adopting constitutions for our government and guidance, our fathers had in mind the great charters of English liberty; and the right of trial by jury, as it was understood at the common law, was not the least of those rights. Sir Matthew Hale says (2 Hale, P. C. 161): "But in case of a trial by the petit jury it can be no more nor less than twelve;" and at page 296 he says: "If only eleven be sworn by mistake, no verdict can be taken of the eleven; and, if it be, it is error." This was the sense in which the common-law jury was understood,—a jury of 12, whose verdict must be unanimous.

The Legislature of this State, in 1861, passed the following act:

"An Act to facilitate trials and proceedings by jury.

" SECTION 1. *The People of the State of Michigan enact,* That, after the impaneling of a jury for any purpose, if from death, sickness, or any other cause any of said jurors shall be unable to attend, the court in which said jury is impaneled may enter that fact upon their journal or docket, setting forth the cause of such inability; and said cause or other proceedings shall then proceed in the same manner, and with the same effect, as if the whole panel were present: *Provided,* the number of jurors so absent shall not be

93 MICH.—26.

greater than three in a jury of twelve, or two in a jury of six, and that this act shall not apply to the trial of criminal cases in courts of record." Act No. 142, Laws of 1861 (How. Stat. § 7622).

The constitutional provisions relating to trial by jury in this State are as follows:

Article 6, § 27: " The right of trial by jury shall remain, but shall be deemed to be waived in all civil cases, unless demanded by one of the parties in such manner as shall be prescribed by law.

" SECTION 28. In every criminal prosecution, the accused shall have the right to a speedy and public trial by an impartial jury, which may consist of less than twelve men in all courts not of record," etc.

Article 4, § 46, provides:

" The Legislature may authorize a trial by a jury of a less number than twelve men."

Defendant's counsel contend:

1. That the constitutional provision permitting the Legislature to authorize a trial by a jury of a less number than 12 does not apply to circuit courts.

2. That the act of 1861 is unconstitutional and void for the reasons:

*a*—That the Legislature does not thereby " authorize a trial by a jury of a less number than twelve men," within the meaning of the Constitution.

*b*—That the Legislature has not authorized a trial by a jury of a less number than 12 men; on the contrary, in courts of record, on demand of either party, the common-law jury of 12 men must still be called and sworn to try the cause, and the Constitution does not empower the Legislature to change the essential features of the trial by jury at the common law.

*c*—That the constitutional provision above cited does not empower the Legislature to authorize *part of the jury* to render the verdict; that is, whatever number the Legislature may prescribe, trial by a jury of that number must retain the essentials of trial by a jury of the common-law number.

Whether this constitutional provision applies to circuit

courts we shall not pass upon or decide, so well convinced are we of the unconstitutionality of the act. It is confessed that this provision does not apply to the trial of criminal cases in courts of record. The objection to the act is that it does not purport to authorize a trial by a jury of a less number than 12, except upon a certain contingency, and that contingency destroys the unanimity of the verdict; it does not preserve the common-law right of a unanimous verdict of a jury, which the Constitution recognizes by section 27, art. 6, which provides that "the right of trial by jury shall remain." Mr. Justice COOLEY, speaking of this clause, in *Tabor v. Cook,* 15 Mich. 322, 325, says:

"The intention here is plain to preserve to parties the right to have their controversies tried by jury in all cases where the right then existed; * * * and suitors cannot constitutionally be deprived of this right, except where, in civil cases, they voluntarily waive it by failing to demand it in some mode which the Legislature shall prescribe."

Mr. Justice CHRISTIANCY, in *Hill v. People,* 16 Mich. 351, 355, says:

"Our Constitution, in retaining the right of trial by jury, tacitly refers to and adopts the common-law number."

In *Van Sickle v. Kellogg,* 19 Mich. 49, 52, COOLEY, C. J., in speaking of this clause of the Constitution, says:

"The constitutional principle which underlies the right is one to which the people governed by the common law have clung with perhaps more tenacity than to any other; and they have justly regarded it as not preserving simply one form of investigating the facts in preference to another where both would have obtained the same result, but as securing the mode of trial which was best calculated to insure a just result, and to secure the citizens against the usurpation of authority, and against arbitrary or prejudiced action on the part of single individuals who chanced to be possessed of judicial power."

In *Underwood v. People,* 32 Mich. 2, Mr. Justice CAMP-
BELL says:

" The right of trial by jury is secured by constitutional
provisions, and it would not be competent to make any
substantial changes in its character."

And again, in *Paul v. Detroit,* Id. 108, 114, the same learned
Justice, speaking of the mode of taking land for public
uses prior to the adoption of the present Constitution,
says:

" The Constitution [article 18, § 2] has changed this
by requiring the whole subject to be determined by a jury
of freeholders, so that each case shall be determined by a
separate tribunal, summoned expressly for the purpose,
who must be unanimous in their views before any land
can be taken; who must act openly and before all con-
cerned in hearing and receiving testimony; who cannot
listen to private persuasion, and where any attempt to
influence them will subject the offender to severe and dis-
graceful punishment.    All these safeguards are implied in
the use of the term 'jury;' and no action, by laws or by
proceedings under them, can be maintained if any of these
securities are impaired or disregarded."

In *Swart v. Kimball,* 43 Mich. 443, 448, Mr. Justice
COOLEY, again speaking of section 27, art. 6, providing
that " the right of trial by jury shall remain," says:

" What right?    Plainly the right as it existed before;
the right to a trial by jury as it had become known to
the previous jurisprudence of the State.    *    *    *    The
right is not described here; it is not said what shall be its
incidents; it is mentioned as something well known and
understood under a particular name; and by implication,
at least, even a waiver of its advantages is forbidden."

Mr. Justice Ranney, in *Work v. State,* 2 Ohio St. 303,
speaking of a like provision of their constitution, says:

" An institution that has so long stood the trying tests
of time and experience, that has so long been guarded
with scrupulous care, and commanded the admiration of
so many of the wise and good, justly demands our jealous

scrutiny when innovations are attempted to be made upon it."

It is too well settled to need further citation of authority or argument to show that this part of the Constitution (article 6, § 27), providing that " the right of trial by jury shall remain," means the right as it existed at the common law, which was well understood in the previous jurisprudence of the State at the time of the adoption of the Constitution in 1850. This right was a trial by a jury of 12 good men and true, whose determination must be unanimous upon the rights of the parties. This the Constitution of 1850 preserves, except that under section 46, art. 4, the Legislature may authorize a less number than 12. Conceding that this provision applies to circuit as well as inferior courts, does the act authorize a less number, within the meaning of this clause of the Constitution, and at the same time preserve the right of trial by jury as it was known at the common law and in the previous jurisprudence of the State? We think not. If the Legislature had fixed the number at 11, or 9, or 6, the right would yet remain to have that number impaneled and sworn well and truly to try the case, and render a verdict by the vote and voice of every juror. One vote or voice less would not be a jury trial as it was understood when the Constitution was adopted.

Under the act in controversy here, there is no such thing known or provided for as the impaneling of any jury except such a jury as was known at the common law; that is, a jury of 12, and no lesser or no greater number. It must be a jury of 12; and, unless this number were impaneled and sworn to try the cause, it would be a mistrial, within the provisions of the act. An attempt was made, however, by the Legislature by this act, without reducing the number to be impaneled to try the cause,— as provided by article 4, § 46,—to give the trial court,

under certain circumstances, the power to fix and determine the number that may try the cause. Granting that the Legislature has the power to fix and determine the number at less than 12, it has not done so by this act, but has attempted to confer upon the trial courts the power to do so. Under the Constitution, this is not a power which the Legislature may delegate to any court or other tribunal. It is a matter of the gravest concern to the people. They have not surrendered a right to trial by jury such as it was understood to be before the Constitution was adopted, but have granted the right to the Legislature to fix a less number than 12, if, in its judgment and discretion, it so determines, but preserving all the other incidents of the trial by jury as it was known and understood before, which means a unanimous verdict of the number fixed by the Legislature. The Legislature, by the act, has not reduced the number, but seeks to destroy the common-law incidents of the trial, by giving the trial court power not only to discharge part of the jury at any stage of the proceeding, but to proceed with the trial before a less number, and take a verdict that shall be binding upon a party, however strenuously he may insist upon his constitutional right to a trial by jury as that right is preserved to him. This cannot be the true interpretation of these clauses of the Constitution. It destroys the unanimity of the verdict of 12 men. As well might the Legislature have attempted to provide for the rendition of a verdict by a less number than 12. Such authority would no more destroy the unanimity of the verdict than do the provisions of this act. If this juror could be discharged at the end of four months, and after nearly all the testimony had been put in, and the jury had gone over the line of the road and examined it, then he could have been discharged, under the act, at any time before verdict. Would it be contended if, after the jury had

entered the jury-room to deliberate on a verdict, one had there been taken ill before verdict found and returned, that 11 men could have returned the verdict? We think not; and yet the act is broad enough to cover such a case.

We are aware that in some of the courts it has been held that if a jury of more than 12 men has been impaneled, and the last juror sworn can be pointed out during the trial, he may be dismissed from the panel, and the trial may proceed (*Miurhead v. Evans*, 6 Exch. 447; *Bullard v. State*, 38 Tex. 504; *Davis v. State*, 9 Tex. App. 634); but these decisions do not reach the point in controversy here. In such cases the right to a trial by jury remains inviolate, and the cases proceed upon the theory that the 12 originally impaneled are ascertained, and that such a stage in the proceedings has not been reached that the additional juror has any influence upon the minds or judgments of the other jurors. But in these cases it is settled that, if the jury had once gone into the jury-room for deliberation, it would be a mistrial.

We are constrained to hold the act unconstitutional and void. It follows, then, that there has been a mistrial, and the verdict and judgment must be reversed, with costs, and a new trial granted.

GRANT and DURAND, JJ., concurred with LONG, J.

MONTGOMERY, J. (*dissenting*). I find myself unable to assent to the conclusion reached by the majority of the Court. The Constitution provides that "the Legislature may authorize a trial by a jury of a less number than twelve men." If the Legislature may do this in any case, it may provide in what contingency the trial may proceed before a jury composed of a less number than 12 men. This the act in question does, and this is the extent to which it goes. This act has been upon the statute

books of the State for 32 years, has often been proceeded
under at the circuit, and ought not to be held invalid
unless it clearly infringes some provision of the Con-
stitution.

While it is true that the common-law jury consists of
12, it is also true that, in case it transpires by accident or
mistake that more than 12 are impaneled, this fact, if dis-
covered during the trial, does not constitute the proceed-
ing a mistrial, but the practice is to excuse the last juror
called, and to permit the trial to proceed with the remain-
ing jurors.      Thomp. & M. Juries, § 11; *Miurhead v.
Evans,* 6 Exch. 447; *Bullard v. State,* 38 Tex. 504; *Davis
v. State,* 9 Tex. App. 634.     It will be seen from these
holdings that it has not been deemed a mistrial that more
than the requisite number of jurors have sat together dur-
ing the progress of the trial.     The objection that the
statute in question destroys the unanimity of the verdict
would apply with equal force to a case where the thirteenth
juror is excused under the common-law practice.     The
verdict of the jury as it is composed upon the happening
of the contingency which excuses one or more must, of
course, be unanimous.     The question is whether the jury,
when it takes the case for deliberation and determination,
may consist of less than 12.     This the Legislature has
provided in certain contingencies, and I think the act
making the provision is valid.

The Michigan cases referred to, in which it is said that
our Constitution, in retaining the right to trial by jury,
tacitly refers to and adopts the common-law number, have no
application to the case under consideration.     They would
be just as decisive authority for holding that the Legisla-
ture could not, in terms, limit the number of jurors to 10
in all cases, as for holding that it could not do so upon
the happening of a contingency; and yet the clearest author-

ity for this exists in the constitutional provision above quoted, and I can discover in no decision of this Court anything indicating a doubt as to the authority of the Legislature to provide that a jury may consist of less than 12.

McGRATH, C. J., concurred with MONTGOMERY, J.