ALLEN G. ARNOLD ET AL. *v.* STATE OF MISSISSIPPI, USE OF ITAWAMBA COUNTY.

1. COUNTY TREASURERS. *Official bonds.*

   County treasurers are liable on their official bonds for the absolute safety of all money coming into their hands, unless it be lost by the act of God or the public enemy.

2. SAME. *Theft of funds. County's safe.*

   It is no defense to an action on a county treasurer's bond that the money was stolen, without the treasurer's fault, from the safe provided by the county for its preservation.

FROM the circuit court of Itawamba county.

HON. EUGENE O. SYKES, Judge.

The state, suing for the use of Itawamba county, appellee, was the plaintiff in the court below; Arnold, and the sureties on his bond as county treasurer, appellants, were defendants there. The plaintiff had judgment in the circuit court and defendants appealed to the supreme court. The facts are fully stated in the opinion of the court. A previous litigation for same liability was before the sumpreme court in the case of *Adams. State Revenue Agent,* v. *Arnold,* 76 Miss., 655.

*W. H. Clifton,* for appellants.

We know that our court has said in one case that public

officers were insurers of the public funds that came into their hands, *Adams* v. *Lee,* 72 Miss., 767, and therein the court announced that the question had been before decided in *Griffin* v. *Levee Commissioners,* 71 Miss., 767. Both of these cases were against tax collectors, and a correct result reached on the facts of each of them.

The rule was only applied in the Lee case, and if it be confined to tax collectors, the case then before the court, the opinion may be supported on authority and reason. But it is the purest dicta when applied to public officers generally, and when it be sought to extend the doctrine to county treasurers, can neither be sustained by authority or reason. The reason why it was unnecessary to apply the doctrine of insurers in the Lee case, supra, is because there the tax collector had been guilty of a breach of his bond independent of § 3842, code of 1892. And it was by virtue of this section he became and was an insurer.

Many of the decisions from the different states which apply the rule of insurers to public officers rest upon statutes similar to § 3842. This section of our code is limited to tax collectors, and its counterpart applicable to county treasurers (§ 907, code 1892), does not embrace the case of an honest official who has lost the money without negligence or fault on his part. Section 907 nominates the specific cases in which the penalty fixed shall be imposed, *i. e.,* "the county treasurer who misapplies, wastes, or embezzles any money." We invoke the familiar rule in construction of statutes, that where the legislature specifies *eo nomine* the person or subject, such specification is the exclusion of all other persons or subjects. The inclusion of one person is the exclusion of all others. The question presented by this record is one of first impression, to be determined by the principles of the common law and such other statutes as may enlarge the county treasurer's liability. If these statutes do not distinguish the case at bar from the Lee and Griffin cases, supra, we have no hesitancy in saying they

ought to be overruled. Of course when you find a statute like § 3842, code 1892 (applying the rule to tax collectors), that settles the question.

The following states rest the rule on the reason "that the public officer is a debtor to the county," viz.: Indiana, Massachusetts, Michigan, New Jersey, New York and Missouri. *Shelton* v. *State* (Ind.), 21 Am. Rep., 197-200; *Halbert* v. *State,* 22 Ind., 125; *Hancock* v. *Hazzard* (Mass.); 59 Am. Dec., 171; *Perley* v. *Muskegon* (Mich.), 20 Am. Rep., 637; *Inhabitants of New Providence* v. *McEachern,* 23 N. J. L., 339; *Muzzey* v. *Shattuck,* 1 Denio (N. Y.), 233; *State* v. *Powell* (Mo.), 29 Am. Rep., 512. This court will not follow these cases, for the principle on which they rest is opposed to the policy and settled law of this state.

The following cases, from the states next to be named, rest on the reason "that the officer has violated the terms of his bond, or some official duty prescribed by the-statute, and that public policy demands that liability be enforced:" Minnesota, Iowa, Missouri, Nebraska, Nevada, Montana and Pennsylvania. *Board* v. *Jewell,* 46 N. W., 914; *Union Township* v. *Smith* (39 Iowa), 18 Am. Rep., 39; *State* v. *Moore,* 74 Mo., 413, s.c. 41 Am. Rep., 322; *Jefferson County* v. *Lineberger* (3 Mont., 23), 35 Am. Rep., 463; *Nason* v. *Poor* (Penn.), 17 Atl. Rep., 616; *Ward* v. *School District* (10 Neb.), 35 Am. Rep., 477; *State* v. *Harper* (6 Ohio St.), 67 Am. Rep., 364; *State* v. *Nevin* (Nevada), 7 P., 650.

These cases all follow the leading case of *United States* v. *Prescott,* 3 How. (U. S.), 573, which has been very much qualified, if not overruled, by the more recent case of *United States* v. *Thomas,* 15 Wall., 337. It is important to note that all of the above cases, as well as other cases decided by the supreme court of the United States, in following the Prescott case, never rest alone on public policy. They invariably connect it, though, with the weightier reason "that the officer has violated the bond or some official duty prescribed by statute."

The following states have already repudiated this rule, to wit: South Carolina, North Carolina, Nebraska, Iowa, New York, California, Nevada, Tennessee, Wyoming, Alabama, Colorado, Montana, Illinois, Pennsylvania, and also the court of claims and the supreme court of the United States. *United States* v. *Thomas,* 15 Wall., 337-354; *Cumberland* v. *Parnelle* (69 Me.), 31 Am. Rep., 284; *Walker* v. *British, etc.,* 18 Ad. & El. (N. S., 277); *York County* v. *Watson* (15 So. Car.), 40 Am. Rep., 675; *State* v. *Blair,* 76 N. C., 78; *Lowrey* v. *Polk,* 33 Am. Rep., 114; *People* v. *Faulkner* (107 N. Y.), 14 N. E., 419; *State* v. *Copeland* (Tenn.), 34 S. W., 428; *State* v. *Gunn* (Wyoming), 40 L. R. A., 690; *State* v. *Houston* (78 Ala.), 56 Am. Rep., 59; *Wilson* v. *People* (Colorado), 34 P., 945, s.c. 22 L. R. A., 451, and notes; *Bealdsburg* v. *Mulligan* (113 Cal.), 45 P., 337, s.c. 33 L. R. A.; *State* v. *Hill* (Nebraska), 66 N. W., 561; *Livingstone* v. *Woods* (Montana), 49 P., 437; *Chicago Railway* v. *Bartlett* (Ill.), 11 N. E., 867, s.c. 120 Ills., 603; *Wilkesbarre* v. *Rockefellow* (Pa.), 33 A., 270, s.c. 171 Pa. St., 177; *Ross* v. *Hatch,* 5 Iowa, 149.

We have, then, fourteen states, the supreme court and court of claims of the United States, repudiating the rule as being harsh, unjust, and contrary to principle, as against seven states that hold to and yet enforce the rule. There are six other states which hold public officers to be insurers on the ground that the officer becomes a debtor to the county or state the moment the public moneys come into his hands. This is contrary to our statute, § 3077, code 1892, and in a collection of authorities these latter states ought not to be counted. But if counted, we shall have then fourteen states against the rule with twelve states for it, and the supreme court of the United States overruling virtually the Prescott case, which was truly the foundation and origin of the rule in this country.

*Monroe McClurg,* attorney-general, for appellee.

Unfortunately for the appellants, the legislature has made it

the duty of a county treasurer "to receive and keep the moneys of the counties." Code 1892, § 901. It would be monstrous to excuse this defaulting treasurer upon the facts in the case.

There is little to be gained by an endless search for the reason upon which the policy of the law rests. It is a statute, and it is sufficient to say: "*Ita lex scripta est.*"

The great extremity to which the argument of appellant's counsel carries him is demonstrated by his exclaiming that the contract did not require his clients to keep the money at "all hazards." The law holds individual contracting parties to the obligations they assume, unless the act of God or public enemy relieve them, yet it does not hold them at "all hazards." Certainly an officer has no right to complain where an individual citizen may not lawfully do so.

In *State* v. *Lee*, 72 Miss., 286, this court says: "But the better view, in our opinion, is that public officers are insurers instead of bailees of the funds which come into their hands by virtue of their office, and are absolutely responsible, unless excused by the act of God or the public enemy."

Griffin's case, 71 Miss., 767, was defended on the ground that the board of supervisors did not furnish a safe; a demurrer to such plea was sustained. *Skinner* v. *Wilson*, 61 Miss., 95, went off on the construction of an agreement as between the plaintiff and the sheriff with reference to the levy of an execution. The language of the court in the latter part of the opinion refers to that class of cases, and has no application here. The same may be said as to the case of *Sims* v. *Quin*, 58 Miss., 221. Those were quarrels with private persons who interfered with the sheriff in the execution of civil process.

The very able brief of Mr. Barron, filed for the county, makes it unnecessary to argue the case further.

*J. W. Barron*, district attorney, on same side.

The reporter has been unable to find Mr. Barron's brief; it is lost from the record.

Argued orally by *W. H. Clifton,* for appellants, and by *Monroe McClurg,* attorney-general, for appellee.

TERRAL, J., delivered the opinion of the court.

The defendant, Arnold, with his sureties, was sued on his official bond as county treasurer of Itawamba county, for about three thousand dollars.

It is admitted that the county treasurer's safe, which was furnished to him by public authority for the safe-keeping of the public moneys and in which he kept the county funds, was broken open by thieves and $2,897.32 stolen therefrom. The plaintiff, suing for the use of Itawamba county, had judgment. Of this judgment the defendant, Arnold, complains, and insists that he is not liable for the money so stolen because it was admittedly lost without any negligence on his part.

We regard the rule as settled in this state that public officers are liable on their official bonds for the absolute safety of all moneys coming into their hands, unless when it is lost by the act of God or the public enemy. It was so ruled by this court in the case of a tax collector's bond in *State* v. *Lee,* 72 Miss., 281. The condition of the bond of a tax collector and of a treasurer is the same, being prescribed by § 3055, code 1892, and the construction put upon one character of bond must apply to and govern the construction of the other. It would be an anomaly to hold that the condition of the tax collector's bond renders the tax collector liable for all losses arising from thefts, robberies and other like causes, and yet upon the same condition, when found in a treasurer's bond, to hold the treasurer not liable for losses arising from like causes.

In *Griffin* v. *Levee Commissioners,* 71 Miss., 767, a defense somewhat similar to that set up in this case appeared to the court to be so frivolous that it was not dignified with a discussion of the question.

The opinion that officers are liable on their official bonds for all moneys coming into their hands and lost by them, except

by the act of God or of the public enemy, has been so universal and so fixed in the judicial, professional and legislative mind, that prior to the adoption of the constitution of 1890 the legislature has often given relief to officers for the loss of the public moneys by thefts and robberies. Ch. 548, laws of 1884, relieved County Treasurer Wainright of liability for $3,444.08, of which the safe in which he kept the funds of his county was feloniously and burglariously taken and stolen, and many similar acts of the legislature may be found among our statute laws. These acts voice the public judgment in the several branches of government that the legislature only could heretofore give relief in such cases. The constitution of 1890, § 100, forbids the legislature to grant any relief to public officers for losses occasioned by such causes. Though in other states a different rule of law obtains upon this subject, yet we are not disposed to depart from the rule that has always prevailed here. And if we may indulge a hope for the advantage of future times, *esto perpetua.*

> The judgment of the circuit court is affirmed.