# CHARLESTON.

STATE *ex rel.* JAMES F. COOK *v.* FIDELITY AND DEPOSIT
COMPANY OF MARYLAND.

Submitted May 2, 1922.    Decided May 9, 1922.

1.  APPEAL AND ERROR—*Excess of Eight Cents Above Jurisdiction-
    al Amount Held Sufficient for Appellate Jurisdiction.*

    An excess of 8 cents above $100.00, in the amount in con-
    troversy in a suit, suffices to confer appellate jurisdiction upon
    this court.   Upon the question of such jurisdiction, the
    maxim, De *minimis non curat lex,* is inapplicable.   (p. 192).

2.  JUDGMENT—*Interpretation and Administration of Statute Re-
    quiring Security for Costs of Non-resident Plaintiffs Per-
    tains to Parties' Rights and Not Jurisdiction.*

    Questions of interpretation and administration of a statute
    requiring security for costs and fees, of non-resident plaintiffs,

pertain to the rights of the parties, not the jurisdiction of the court in which they arise, and decisions thereof, in the progress of a case, even though erroneous, are valid and binding unless reversed or annulled in some way. (p. 193).

3.  CLERKS OF COURTS—*Decisions Bind Clerk with Same Force as Statutes, and May Prescribe Duties in Addition to Statutes.*

    In so far as such decisions give directions to the clerk of such court and impose duties upon him, they are as valid and binding upon him, unless and until reversed, as if they had been prescribed by statute. In the exercise of its jurisdiction, a court may incidentally prescribe duties for its clerk, in addition to those imposed by statute. (p. 193).

4.  SAME—*Clerk's Duties Prescribed by Decisions Are Within the Letter and Spirit of His Official Bond.*

    Duties of a clerk so prescribed are within both the letter and spirit of the official bond of such clerk, and the surety therein is liable for any breach or omission thereof. (p. 193).

5.  SAME—*Surety on Official Bond of Court Clerk is Liable for Money Deposited With Such Clerk by Non-resident Plaintiff as Security for Costs.*

    The surety in the official bond of a clerk of a court is liable for money deposited with such clerk, under an order of the court, as security for costs by a non-resident plaintiff, in lieu of the giving a statutory bond as such security, and subsequently lost or misappropriated by the clerk. Money so deposited with such clerk comes into his hands by virtue of his office, whether the court's interpretation of the statute requiring such bond and its order are right or wrong. (p. 195).

Error to Circuit Court, Marion County.

Proceeding by the State on the relation of James F. Cook against the Fidelity & Deposit  Company of Maryland. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Neely & Lively,* for plaintiff in error.
*Charles H. Leeds,* for defendant in error.

POFFENBARGER, PRESIDENT:

The judgment to which this writ of error was awarded gave the plaintiff a recovery of $100.00, the debt sued for, 8 cents interest thereon and $6.05 costs in the justice's court

from which the case came into the circuit court by appeal. As the amount in controversy must be more than $100.00, to confer jurisdiction upon this court, and, it is assumed by the defendant in error, that the amount here involved is not sufficient, he has moved for a dismissal of the writ, as having been improvidently awarded.    He evidently thinks the margin of 8 cents insufficient.    The maxim, *De minimis non curat lex*, does not apply.    The Constitution fixes an arbitrary jurisdictional standard.    Interest may be counted in. *State* v. *Boner*, 57 W. Va. 81; *Arnold* v. *County Court*, 38 W. Va. 142.    Just as effective is $1.80 as $8.10 or any other amount.    *State* v. *Boner*.    Any amount within the jurisdiction, however small, suffices.    3 C. J. 377, citing several cases.    Lack of the amount legally required, by one cent, defeats the jurisdiction.    *Willow Land Co.* v. *Goldschmidt*, 11 Cal. App. 297.    It is unnecessary to inquire whether the $6.05 can be included.

The liability enforced by the judgment is one of suretyship in an official bond. It was denied in the court below, and is resisted here, upon the contention that the money in question did not come into the hands of the principal in the bond, a public officer, by virtue of his office. He was the clerk of a circuit court and the condition of the bond was that he should faithfully perform and discharge the duties of his office, according to law, and account for and pay over all moneys coming into his hands by virtue of his office. The money in question here was a deposit of cash, $100.00, made with the clerk, under an order of the court, by a non-resident plaintiff, to secure costs and fees, in lieu of the execution of the stautory bond required for such security. Later, such a bond in the penalty of $100.00 was given, and an order entered, permitting the plaintiff to withdraw the cash so deposited by him. It was never paid by the clerk. After his death, this action was brought against the surety in the bond.

Of course, a surety may stand upon the letter of his contract, fairly and reasonably interpreted. It is said to be *strictissimi juris*.    *State* v. *Barnes*, 62 W. Va. 85; *State* v. *Enslow*, 41 W. Va. 744; *State* v. *Mankin*, 68 W. Va. 772;

*Wait* v. *Homestead Building Ass'n.*, 76 W. Va. 431. But, according to these authorities and a host of others, this principle and the terms of the bond require no more than that the money in question went into the hands of the clerk, by virtue of his office. Whether it did or not is the only inquiry necessary to determination of the question of liability. In *State* v. *Enslow*, cited, the money was paid to a clerk of a circuit court, without the entry of an order authorizing him to receive it. Here, the money was paid to the clerk in court, with the knowledge and express assent and approval of the court. There was an adjudication of the sufficiency of the deposit as security for costs. Sufficiency thereof as such, although preliminary in character, was a question that arose for decision, in the progress of the case. It was a question of such character as, perhaps, upon rulings properly invoked and excepted to, might have brought the case to this court on a writ of error, for review. If, after the deposit so made, the trial court, deeming it insufficient as security, on account of departure from the statute, had dismissed the action, the order would have been appealable, and, on the writ of error, the ruling on the question of its sufficiency would have come here for review, as an alleged error entering into the order of dismissal. If, on the other hand, a motion to dismiss had been overruled, the ruling probably could have been assigned and made available, if erroneous, on a writ of error to the judgment, our statute being peremptory in terms, saying the suit shall be dismissed, if the order is not complied with or the plaintiff proved to be a resident of the state. Code, ch. 138, sec. 2. Wrongful refusal of dismissal on such ground has been held to be available on error, when the statute does not make it merely discretionary with the court to dismiss. *Steamboat Empire* v. *Alabama Coal Mining Co.*, 29 Ala., 698; 19 Ency. Pl. & Pr. 376. However this may be, the ruling was a judicial act by a court of general jurisdiction. It had power and jurisdiction to interpret the provision of sec. 2 of ch. 138 of the Code, saying: "The security shall be by bond payable to the State;" and, in view of the lack of negative terms, the legislative history of the subject and the provisions of acts

*in pari materia,* to hold it to be, in a sense, directory.  As security, the money was superior to the best bond that could have been given.  The statute pertained to the rights of the parties, not the jurisdiction of the court, for the right of security for costs can be waived and is waived by failure to demand it.  The decision of a court upon a legal question involving its own jurisdiction may be rendered at its peril, but this is not true of a decision affecting only the rights of parties.  In no such case can a decision of a court upon a question arising within its jurisdiction be deemed a nullity. A court has power to render an erroneous decision and such a decision is valid and binding unless reversed.  Whether, in this instance, the ruling was erroneous, it is unnecessary to inquire.

Though the surety was not a party to the action in which the decision was rendered and is, therefore, not directly bound by an adjudication, the decision brings the money within the letter of the bond.  It was a judicial determination of the scope of the powers and duties of the clerk, an officer of the court rendering the decision.  A clerk's duties are not all specifically enumerated or defined by statutory provisions. The court of which he is an officer has inherent powers which it may exercise through him as its agent or one of its executive arms, wherefore many of his duties arise out of, and are imposed by, its orders and adjudications.  Its decision or order requiring money to be paid into his hands, entered within the limits of its jurisdiction, is a prescription of duty to him, as valid and binding as if it had been made by a statute.  Having so received the money, he got it by virtue of his office.  The surety executed the bond, in contemplation of liability in respect of such duties as well as those prescribed by statute.  *Wait* v. *Homestead Building Ass'n.,* 76 W. Va. 431, 436 et seq.  The principles here stated were directly and positively affirmed and applied in a case styled *In re Finks,* 41 Fed. 383.

Being clearly right, the judgment complained of will be affirmed.

*Affirmed.*