POWER COUNTY, a Municipal Corporation, Respondent, v. FIDELITY & DEPOSIT COMPANY OF MARY-LAND, a Corporation, Appellant, C. LEE FRENCH, Respondent, and D. M. FARSON and J. H. MOSS, Intervenors and Respondents.

[260 Pac. 152.]

OFFICERS—CLERKS OF COURTS—JUDGMENT AGAINST SURETY ON BOND—MISAPPLICATION OF FEES—MONEYS ILLEGALLY RECEIVED—NO LIABILITY BY SURETIES.

1. Under C. S., secs. 431 and 432, one procuring judgment against surety on an official bond of clerk of district court, for full amount of his demand, need not prorate with those who have not even filed suit to recover on bond, though penalty is less than total amount of claims.

2. Surety on bond of clerk of district court as ex-officio auditor and recorder held not liable for misapplication of moneys received by him from sheriff and deputy sheriff in violation of C. S., secs. 3564, 3694, requiring that all such fees should be turned into county treasury, accompanied by certificate of auditor, since there was no authority for sheriff to pay auditor, or for auditor to receive such amounts, and surety did not contract to become liable therefor.

3. Sureties on official bond are not liable for moneys not legally received by officers as part of duties of office.

APPEAL from the District Court of the Fifth Judicial District, for Power County. Hon. Ralph W. Adair, Judge.

Action on official bond. Judgment for plaintiff and intervenors. *Affirmed in part, reversed in part.*

Publisher's Note.

3. Liability of surety on bond of public officer for acts wholly outside official duty, see notes in 6 Ann. Cas. 919; Ann. Cas. 1912C, 581; Ann. Cas. 1915C, 1020.

See Clerks of Courts, 11 C. J., sec. 106, p. 899, n. 99; sec. 127, p. 907, n. 20.

Officers, 29 Cyc., p. 1455, n. 99, p. 1471, n. 41.

Frank T. Wyman, for Appellant.

Where the evidence shows the existence of a fund against which several persons have equally just claims but without any preference, the court may not properly award to anyone an amount in excess of his ratable share.

Sureties upon an official bond are not liable for moneys not legally received by the officer as a part of the duties of his office. (11 C. J. 899; 29 Cyc. 1455; Brandt on Suretyship, 3d ed., secs. 627–629; *San Luis Obispo County v. Farnum*, 108 Cal. 562, 41 Pac. 445; *People v. Shearer*, 143 Cal. 66, 76 Pac. 813; *Wilson v. State*, 67 Kan. 44, 72 Pac. 517; *People v. Cobb*, 10 Colo. App. 478, 51 Pac. 523; *City of Butte v. Bennetts*, 51 Mont. 27, Ann. Cas. 1918C, 1019, 149 Pac. 92; *People v. Hilton*, 36 Fed. 172; *State v. Griffith*, 74 Ohio St. 80, 6 Ann. Cas. 917, 77 N. E. 686; *Feller v. Gates*, 40 Or. 543, 91 Am. St. 492, 67 Pac. 416, 56 L. R. A. 630; *Clark v. Logan Co.*, 138 Ky. 676, 128 S. W. 1079; *District of Columbia v. Petty*, 229 U. S. 593, 33 Sup. Ct. 881, 57 L. ed. 1343; *State v. Reichard*, 59 Ind. App. 338, 109 N. E. 438; *Fowler v. Decatur Co.*, 168 Iowa, 722, 150 N. W. 1061; *Hawkins v. Thomas*, 3 Ind. App. 399, 29 N. E. 157; *Curry v. Wright*, 86 Tenn. 636, 8 S. W. 593; *Southwestern Surety Ins. Co. v. Neal*, 81 Okl. 194, 197 Pac. 439; *Schmitt v. Drouet*, 42 La. Ann. 1064, 8 So. 396; *State v. White*, 152 Mo. 416, 53 S. W. 1064; *City of Whiteboro v. Diamond* (Tex. Civ. App.), 75 S. W. 540; *Milburn-Stoddard Co. v. Stickney*, 14 N. D. 282, 103 N. W. 752; *State v. Flynn*, 161 Ind. 554, 69 N. E. 159; *People v. Toomey*, 122 Ill. 308, 13 N. E. 521; *State v. Enslow*, 41 W. Va. 744, 24 S. E. 679; *State v. Norwood*, 12 Md. 177; *Alcorn v. State*, 57 Miss. 273; *Ward v. Stahl*, 81 N. Y. 406; *Syme v. Bunting*, 91 N. C. 48.)

R. S. Anderson and Bissell & Bird, for Respondent Power County.

Where the sheriff and his deputy, in reporting the fees of the sheriff's office to the county commissioners, turned

the money and his report over to the county auditor, in the presence of the county commissioners, the auditor being, by law, clerk of the board of county commissioners, for the commissioners to approve the report and the amount of money turned over, and for the auditor to attach his certificate provided for in C. S., sec. 3564, and pay the money to the county treasurer, appellant asks this court whether the said auditor received the money *by virtue of his office.* The county treasurer could not receive the money, except with the auditor's certificate and the auditor could not make the certificate until the commissioners approved the report and the amount of the fees turned over. The commissioners had before them the report and the money and did approve the report and direct the auditor, their clerk, to make his certificate and transmit the money, etc.

Our statute is so plain in this respect that we see little purpose in going outside for authorities. The money was received by virtue of his office, for it reached him for an official purpose and in the due course of county business. (*Silver Bow County v. Davies,* 40 Mont. 418, 107 Pac. 81. See, also: Fees collected from other officers (5 N. J. L. 603); proceeds of boards received from predecessor (70 N. C. 295); taxes collected, lawful amount (79 N. C. 263).)

"The condition of an official bond must be that the principal will well, truly and faithfully perform all official duties required of him by law and also all such additional duties as may be thereafter imposed upon him by any law of this state." (C. S., sec. 424.)

The bond, of course, cannot be held to limit the liability of the surety strictly to money received by virtue of his office, but the bond must be given its full statutory force and effect and be held to indemnify the county against loss by reason of any breach of official duty committed by the principal.

After the enactment of the general law requiring bonds and prescribing the form passed by the legislature at its 1887 session, the legislature of the state of Idaho in 1899

enacted a further law imposing duties and liabilities upon county officers. (C. S., sec. 3694.)

Spencer L. Baird, for Respondent-Intervenors.

The fund held by the surety company is to secure payment of adjudicated claims against the defaulting clerk, and if insufficient in amount to satisfy all claims, should be paid in satisfaction of those first reduced to judgment. (*Dallas v. Chaloner's Exrs.*, 3 Dall. 501, 1 L. ed. 696; *Lea v. Yard* (*Hazelhurst v. Dallas*), 4 Dall. 95, 1 L. ed. 756; *United States v. Abeel*, 174 Fed. 12; 98 C. C. A. 50; *State v. Fidelity & Deposit Co. of Maryland*, 91 W. Va. 191, 112 S. E. 319; *State ex rel. Courtney v. Callaway*, 208 Mo. App. 447, 237 S. W. 173; *Burdin v. White's Admx.*, 188 Ky. 10, 220 S. W. 750; *Southwestern Surety Ins. Co. v. Neal*, 81 Okl. 194, 197 Pac. 439; *City of Grand Rapids v. Krakowski*, 207 Mich. 483, 174 N. W. 201; *People v. McGrath*, 279 Ill. 550, 117 N. E. 74; reversing order, 204 Ill. App. 169; *Howard v. United States*, 184 U. S. 676, 22 Sup. Ct. 543, 46 L. ed. 754; *McKean v. Shannon*, 1 Binn. (Pa.) 370; *Christman v. Commonwealth*, 17 Serg. & R. (Pa.) 381.)

Maurice M. Myers, for Respondent C. Lee French, files no brief.

BRINCK, Commissioner.—The appellant, Fidelity & Deposit Company of Maryland, was the surety on the official bond of C. Lee French as the clerk of the district court of Power county, for the term beginning in January, 1919, and was also the surety upon the bond of said French for said term, as *ex-officio* auditor and recorder, and *ex-officio* clerk of the board of county commissioners of said county. Each bond ran to the state of Idaho, and was conditioned, among other things, that French should well, truly and faithfully perform all the duties imposed upon him by virtue of his said offices, required of him by law, and should pay over in accordance with the requirements of the statutes of the state of Idaho all moneys that might come into his

hands by virtue of his said offices. After the expiration of his term of office, the plaintiff, Power county, brought action against French and his surety, for moneys not paid over by him, the complaint setting out four causes of action, the first and second being based upon the bond given by French as clerk, and the third and fourth being based upon his bond as *ex-officio* auditor and recorder and clerk of the board of county commissioners. The facts were stipulated. As to the first cause of action, it was stipulated that French failed to account for, or turn over to his successor in office, fees which had been collected by him as such clerk, in the sum of $1,926.30. The second cause of action relates to moneys which had been paid to the clerk of the court under order of court in certain actions tried therein, some of which payments had been paid to French's predecessor, and turned over to French, and some of which had been paid in during his term of office. The first item consisted of moneys which had been realized from a sale on foreclosure of a trust deed of property in the case of *Security Title & Trust Co. v. Western Water Co., Ltd.;* the said proceeds having been paid into court to be paid out to the bondholders *pro rata* at the rate of $269.93 on each bond. Of this fund it was stipulated that French failed to account for or turn over to his successor, the sum of $4,048.95. One D. M. Farson, the holder of four of the bonds, intervened, and prayed judgment against the appellant for the amount to which he was entitled under the bonds held by him. The second item under the second cause of action relates to a fund of $400, which, pursuant to order of the court in an action theretofore pending, had been deposited with the clerk to be held pending a further order of the court, and which had thereafter been ordered paid to one J. H. Moss. French failed to pay over said sum either to Moss or to the county, and Moss intervened, claiming judgment against appellant therefor. The third item under the second cause of action consisted of $37.60, which, under order of the court, had been directed paid to the clerk, for

the benefit of one Ray, and which French failed to pay, either to said Ray or to plaintiff county.

The court included in its judgment for plaintiff the sum of $1,926.30 under the first cause of action, and awarded plaintiff county nothing upon the second cause of action, but gave the intervenor Farson judgment for the amount due him, $1,079.72, and gave intervenor Moss judgment for $400.00; thus awarding judgment upon the defendant's bond as clerk in the total sum of $3,460.02. Appellant contends that the holders of the other unpaid bonds in the water company case, amounting to $2,969.23, and Ray, whose claim was $37.60, should prorate with the plaintiff and with Farson and Moss; and that, since the total claims under the clerk's bond thus amounted to $6,412.85, which was in excess of the penalty of the bond, the judgment of the plaintiff and of intervenors should be reduced, so that the holders of the other water company bonds, and the Rays should receive as great a proportion of their respective claims as do the plaintiff and intervenors.

[1] Appellant cites no authority for this contention, and the only authorities cited by respondent which are in point are contrary to appellant's contention; holding that at common law the claimants under such a bond, who first sue, as is held in some cases, or who first reduce their claims to judgment, as is held in other cases, are entitled to priority against the surety company. (*State v. Ford,* 5 Blackf. (Ind.) 392; *McKean v. Shannon,* 1 Binn. (Pa.) 370; *Christman v. Commonwealth,* 17 Serg. & R. (Pa.) 381; 29 Cyc. 1471; and see *Dallas v. Chaloner's Exrs.,* 3 Dall. 501, 1 L. ed. 696; *Lea v. Yard* (*Hazelhurst v. Dallas*), 4 Dall. 95, 1 L. ed. 756.) Strangely enough, no later authorities than those cited seem to exist on this point. The question, however, seems to be fully covered by the provisions of our statutes. C. S., sec. 431, provides that any person injured or aggrieved by the wrongful act or default of an officer in his official capacity may bring suit on the official bond in his own name; and C. S., sec. 432, is as follows: "No such bond is void on the first recovery of a judgment thereon;

but suit may be afterward brought, from time to time, and judgment recovered thereon by the State of Idaho, or by any person to whom a right of action has accrued, against such officer and his sureties, until the whole penalty of the bond is exhausted.'' It is not necessary to determine in this case whether the time of bringing suit or of recovery of judgment fixes the priority of recourse against the bond. There is no basis for the contention that one who procures a judgment against the surety for the full amount of his demand must prorate with those who have not even filed suit to recover on the bond, though the penalty of the bond is less than the total amount of claims; and the judgment of the trial court should be affirmed as to the first two causes of action.

No question arises on this appeal as to the third cause of action.

Under the fourth cause of action, which is based upon the bond of French as *ex-officio* auditor and recorder and clerk of the board of county commissioners, it is stipulated that during his term of office he received $2,918.30 from the sheriff of Power county, and $2,921.77 from the deputy sheriff of said county, representing fees collected by the sheriff and his deputy, which, instead of being paid to the county treasurer, as provided by law, had been paid to French, and which he had not fully accounted for by payment to the treasurer or to his successor, and upon which it was stipulated that the plaintiff was entitled to recover no more than $2,334.80, being the amount of the penalty of the bond remaining unpaid after having paid the amount owing on the third cause of action.

[2]   The appellant contends that these moneys were not received by French by virtue of his office, and that the sureties on the official bond are not liable for moneys illegally received, or which were not properly receivable by him as a part of the duties of his office. C. S., sec. 3694, provides that all fees which may come into the hands of any county officer from whatever source, over and above his actual and necessary expenses, shall be turned into the

county treasury at the end of each quarter; that he shall
at the end of each quarter file with the clerk of the board
of county commissioners a sworn statement, accompanied
by proper vouchers, showing all expenses incurred, and all
fees received, which must be audited by the board as other
accounts. C. S., sec. 3564, provides that the county treas-
urer must receive no money into the treasury unless accom-
panied by a certificate of the auditor. The sheriff and his
deputy, instead of following the statutory procedure by
obtaining from the auditor a certificate and themselves pay-
ing the money to the treasurer, paid it to French, who,
just prior to the expiration of his term, delivered his check
as auditor for the amounts to the county treasurer, receiv-
ing her receipt on the certificates; but the check was not
paid for lack of funds.

[3] There was no authority of law for the sheriff to
pay to French, or for French to receive these amounts.
The plaintiff urges that the moneys were received by the
auditor by virtue of his office, but cites no authorities in
point sustaining this contention. The law is well settled
that sureties upon an official bond are not liable for moneys
not legally received by the officer as a part of the duties of
his office. (29 Cyc. 1455; 2 Brandt, Suretyship and Guar-
anty, 3d ed., secs. 627–629; *San Luis Obispo County v.
Farnum,* 108 Cal. 562, 41 Pac. 445; *Wilson v. State,* 67 Kan.
44, 72 Pac. 517; *People v. Cobb,* 10 Colo. App. 478, 51 Pac.
523; *City of Butte v. Bennetts,* 51 Mont. 27, Ann. Cas. 1918C,
1019, 149 Pac. 92; *People v. Hilton,* 36 Fed. 172; *Feller v.
Gates,* 40 Or. 543, 67 Pac. 416, 56 L. R. A. 630; *Clark v.
Logan Co.,* 138 Ky. 676, 128 S. W. 1079; *District of Colum-
bia v. Petty,* 229 U. S. 593, 33 Sup. Ct. 881, 57 L. ed. 1343.)
Certainly in the face of the statutes above mentioned, the
money was not received *virtute officii;* nor does it seem,
notwithstanding the wide diversity between the definitions
contained in the decisions of acts done *colore officii,* that
French's receipt of the money was within any definition
of that term. In *State v. Griffith,* 74 Ohio St. 80, 6 Ann.
Cas. 917, 77 N. E. 686, where the clerk of a board of edu-

cation had received tuition fees pursuant to a rule of the board of education, but without authority under the statutes, which imposed the duty of receiving, keeping and disbursing funds upon the treasurer, the court, in denying liability of the surety upon the clerk's official bond for such moneys converted by the clerk, say:

"But it is insisted that the receipt of these moneys by the clerk was *colore officii, if not virtute officii,* and that for acts *colore officii* sureties are held responsible in this state. While there has been confusion of terms in some cases, and possibly a confusion of classification in some instances, yet this conclusion results, from the cases in this state and elsewhere, that there are three classes of cases against sureties on official bonds: One class in which the officer acts *virtute officii,* within his official authority, but unfaithfully, or improperly exercises his official duties; and another class in which the officer, while acting *colore officii,* with pretense of official authority, is guilty of trespass upon person or property. . . . . In both of the classes already named, the sureties are generally held to be liable. The third class is of those cases in which the officer has been guilty of misconduct which is wholly outside of the line of his official duty as defined by law. In this class of cases, the sureties have generally, and we believe upon the soundest of reasoning, been held not to be liable"; citing among other cases, *County of San Luis Obispo v. Farnum, supra.*

Counsel for respondent urge, however, that the statute, C. S., sec. 3694, above referred to, imposed upon the auditor the duty to pay these particular moneys into the treasury, inasmuch as the fund, to his knowledge, constituted fees which had been received by the sheriff. He thus urges that this fund is within the meaning of the provision: "All fees which may come into his hands from whatever source"; and that it was the intent and purpose of the legislature to insure the payment to the county treasurer of all money belonging to and earned as fees by any of its county officers, whether the same came into the hands of the particular county officer through mistake or through corruption.

The statute referred to is in full as follows:

"The salaries of county officers as full compensation for their services must be paid quarterly from the county treasurer, upon the warrants of the county auditor, and before being paid to such officers, must be allowed and audited by the board of commissioners as other claims against the county, and no officer or deputy must retain out of any money, in his hands belonging to the county, any salary, but all actual and necessary expenses incurred by any county officer or deputy in the performance of his official duty shall be a legal charge against the county, and may be retained by him out of any fees which may come into his hands. All fees which may come into his hands from whatever source, over and above his actual and necessary expenses, shall be turned into the county treasury at the end of each quarter. He shall, at the end of each quarter, file with the clerk of the board of county commissioners, a sworn statement, accompanied by proper vouchers, showing all expenses incurred and all fees received, which must be audited by the board as other accounts."

This statute was enacted in 1899 for the obvious purpose of placing all county officers on a fixed salary, without the privilege of enhancing the amount by fees received by them. To contend that it imposed an additional statutory duty upon the auditor, or any other officer, to whom the officer receiving the fees might, by error, have paid them, thus increasing the liability of the sureties upon such officers' bonds, is entirely fanciful. There was no reason for the legislature to make a provision that any county officer receiving funds of another county officer by mistake should be under the express duty of paying such money over to the county treasurer only if the funds so received happened to be fees. The following section, C. S., sec. 3695, which was a part of the same act of the legislature embracing C. S., sec. 3694, was intended, no doubt, to refer to the same subject matter, and makes an officer guilty of embezzlement where he refuses to account for money "received as fees." It would

seem clear that the fees referred to in both statutes are only those which come into the officer's hands as fees, and not moneys paid to him by some other officer, though they may have been received by such other officer as fees.

Of course, any county officer, like any other person, is liable to the county for moneys received for the use and benefit of the county, but this liability is a private and personal liability, unless the money has been received by virtue of his office, or at least in a proper case under color of his office. The appellant did not contract to become liable for defalcations by French of moneys received by him in a personal or private capacity, or as a mere volunteer, as in this case. The court was not authorized to enter judgment against the surety company on the fourth cause of action, and the judgment should be reversed as to that cause of action and otherwise affirmed, with costs to appellant.

Varian and Johnson, CC., concur.

The foregoing is approved as the opinion of the court.

The judgment is affirmed as to the first three causes of action, and reversed and remanded as to the fourth cause of action, with directions to the trial court to enter judgment in accordance with the views expressed in the opinion.

Costs to appellant.

Wm. E. Lee, C. J., and Budge, Givens and T. Bailey Lee, JJ., concur.