L. O. MORDT v. B. M. ROBINSON.

156 So. 535.
Division A.
Opinion Filed September 19, 1934.

*J. F. Burrow* and *Dykes & Cox,* for Appellant;

*Dickinson & Dickinson,* for Appellee.

DAVIS, C. J.—This was a controversy between petitioner, L. O. Mordt, and B. M. Robinson, formerly clerk of the Circuit Court of Orange County, originating by petition filed by Mordt in the court below praying for a rule to issue against the respondent, B. M. Robinson, directing him to show cause why he should not comply with an order of the Circuit Court theretofore issued requiring him to pay over to the petitioner moneys in the clerk's custody belonging to petitioner that had been theretofore paid into the registry of the court. The respondent in his amended answer defended on the ground that the money paid over to him as Clerk of the Circuit Court had been thereafter deposited by him in a solvent State bank, which had prior to the deposit, been officially designated as a lawful depository of public moneys pursuant to Section 6079 C. G. L., 4147 R. G. S., but had thereafter been lost without fault or negligence on the clerk's part, through the insolvency and closing of the bank of deposit. The court held the answer of the clerk a sufficient defense as against a motion to strike it. This appeal is from the interlocutory order entered denying petitioner's motion to strike.*

The facts underlying the subject matter of this litigation are as follow: In January, 1923, a partition proceeding was begun in the Circuit Court of Orange County, Florida,

---

*A new law, passed after this case arose in the court below, now requires that moneys paid into any court and received by the officers thereof shall be forthwith deposited with the State Treasurer of the State of Florida or in a designated depository of funds *for* the State of Florida. See Chapter 15996, Acts 1933, Gen. Laws.

to partition certain real estate. The real estate was found to be incapable of partition in kind, and therefore ordered sold. The order of the court confirming the sale made no provision as to the disposition of the proceeds, save to require a distribution to the interested parties. After the property had been sold, certain moneys that had been realized as proceeds thereof were paid over to appellee, B. M. Robinson, as Clerk of the Circuit Court of Orange County, who received the same in his capacity of Clerk and gave his receipts therefor showing the payment to him of $1,408.76 as the two-eighths interest of unknown defendants in said suit, and other amounts. A year later another receipt reciting a payment into the registry of the court was signed by Robinson. All of the moneys were forthwith deposited in the State Bank of Orlando & Trust Company and in the First National Bank & Trust Company of Orlando. At the time of deposit the first named bank was reputedly a solvent institution and had been engaged in the banking business in Orlando for a number of years. It was likewise a qualified depository of public moneys under Section 6079 C. G. L., 4147 R. G. S., at the time of deposit and remained so up until the time of its suspension from business by order of the State Comptroller, who took it over as an insolvent institution on August 5, 1929. The First National Bank & Trust Company, the other depository, remained solvent.

Section 6079 C. G. L., *supra,* reads as follows:

"All banking companies organized under this Chapter, which shall be designated by the Comptroller for such purpose, shall be depositaries of public money, under such regulations as may be prescribed by the Comptroller, and they may also be employed as financial agents of the State, and they shall perform such reasonable duties as depositaries of public money and financial agents of the State as may be required of them. The Comptroller shall require banking

companies thus designated to give satisfactory security, by the deposit of bonds of the United States or of the State of Florida, or other satisfactory security, for the safe keeping and prompt payment of the public moneys deposited with them and for the faithful performance of their duties as financial agents of the State. All sheriffs, tax collectors, city treasurers, clerks of courts, receivers and the treasurers or other agents of the State, or of the courts thereof, may deposit any moneys they may have in their possession or custody with such banking company, but shall not be required to do so by virtue thereof. And executors, administrators, trustees or guardians may deposit the funds held by them with such company, or invest the same in its capital stock for the benefit of the estate of their testators, intestates, trust or wards." (Ch. 3864, Acts 1889, Secs. 21, 22.)

The purpose of this statute, as it states in terms, was to grant in Florida a specific statutory permission to all sheriffs, tax collectors, city treasurers, clerks of court, receivers and the treasurers of other agents of the State, or of the courts thereof, to lawfully deposit any moneys they might receive into their possession or custody, with banking companies organized under the laws of Florida and designated by the Comtproller as official depositaries of public moneys, although not requiring them to do so*

The effect of Section 6079 C. G. L.; *supra,* was to give effect in the State of Florida to the established common law rule of liability of public officers, which is in substance that a public officer merely occupies the position of bailee

---

*In 1929 this statute was amended and broadened by the general banking acts of that session—Chapters 13576, 14522, Acts 1929, Sections 6079, 6079 (1) C. G. L., 1934 Supp., so as to include deposits by life insurance companies, and to give authority to the banks to pledge special securities to such companies in order to secure such deposits when made.

with reference to funds coming into his custody as a public official, and is to be absolved from liability for loss of such funds if he has exercised due care and diligence by depositing such funds in an officially designated public depositary bank as authorized to be done at his option under our statute. See 5 Ruling Case Law, par. 15, page 630, for a statement of the common law rule.

Absent our special statute just cited, the effect of our other general statutes imposing a duty upon the clerk of a court to faithfully account for all moneys received and held by him as a public officer, and to give a bond as security therefor, would be, no doubt, to impose an unconditional liability on such officer as an insurer for all money that comes into his hands, because under our general laws, the statutory duty to account is an absolute one, fortified by the conditions of many official bonds. 5 R. C. L. par. 15, page 630.

We hold therefore that under Section 6079 C. G. L., 4147 R. G. S., officers named in the statute, who in good faith deposit moneys coming into their hands in an official capacity in banks designated as official public depositaries of moneys, cannot be held responsible for the loss of such funds as may occur without their fault, when caused by reason of the insolvency and closing of the designated banking institutions in which the moneys are deposited, especially where the officer had no reason to suspect any weakness or threatened insolvency of the bank at the time he sustained the loss of the funds on deposit.

The large number of cases cited by appellant as being authorities from other jurisdictions holding to the contrary rule of absolute liability, are deemed by us not to be in point, nor applicable to cases like this, where the officer sued is shown to have made his deposits in a public depositary under special statutory authority giving them the special right to

do that very thing. In all other cases the weight of authority is undoubtedly to the effect that a clerk of the court or other public officer is liable for all losses resulting from his default with regard to moneys paid into his custody and legally received by him, and we so recognize in view of the following imposing array of decisions on that subject: Thomas v. Carlton, 106 Fla. 648, 143 Sou. Rep. 780; Howard v. United States, 184 U. S. 676 (text 683), 22 Sup. Ct. Rep. 543 (text 546), 46 L. Ed. 754; Mitchell v. Rice, 132 Ala. 120, 31 Sou. Rep. 498; North Birmingham Trust & Sav. Bank v. Hearn, 211 Ala. 18, 99 Sou. Rep. 175; State v. Watson, 38 Ark. 96; Martin v. Bogard, 176 Ark 203, 2 S. W. Rep. (2nd) 700; Wilson v. People, 19 Colo. 199, 22 L. R. A. 449, 41 Am. St. Rep. 243, 34 Pac. Rep. 944; Wiley v. City of Sparta, 154 Ga. 1, 114 S. E. Rep. 45, 25 A. L. R. 1342 (and numerous cases there cited); Power County v. Fidelity & Deposit Co., 44 Idaho 609, 260 Pac. Rep. 152; People v. McGrath, 279 Ill. 550, 117 N. E. Rep. 74; Sullivan v. State, *ex rel.* Langsdale, 121 Ind. 342, 23 N. E. Rep. 150; Meyer v. State, *ex rel.* Day, 125 Ind. 335, 25 N. E. Rep. 351; Walters-Cates v. Wilkinson, 92 Ia. 129, 60 N. W. Rep. 514; Rhea v. Brewster, 130 Ia. 729, 107 N. W. Rep. 940; Grand Rapids v. Krakowski, 207 Mich. 483, 174 N. W. Rep. 201; Northern Pac. R. R. Co. v. Owens, 86 Minn. 188, 57 L. R. A. 634, 91 Am. St. Rep. 336, 90 N. W. Rep. 371; Griffin v. Board of Mississippi Levee Comrs., 71 Miss. 767, 15 Sou. Rep. 107; Adams v. Lee, 72 Miss. 281, 16 Sou. Rep. 243; Arnold v. State, 77 Miss. 463, 27 Sou. Rep. 596; Havens v. Lathene, 75 N. C. 505; Thomas v. Connelly, 104 N. C. 342, 10 S. E. Rep. 520; Smith v. Patton, 131 N. C. 396, 42 S. E. Rep. 840; Southwestern Surety Ins. Co. v. Neal, 81 Okla. 194, 197 Pac. Rep. 439; Yohe v. Commonwealth (Pa. St.), 13 Atl. Rep. 546; Fort Assmann, 38 S. C. 253, 16 S. E. Rep. 887; Peeler v. Fane (Tenn.

Ch.), 62 S. W. Rep. 206; Lanham v. Dies (Tex. Civ. App.), 98 S. W. Rep. 897; Regina v. Patton, 7 U. C. D. Q. B. 83; United States v. Prescott, 3 Howard (U. S.) 578, 11 L. Ed. 734; United States v. Morgan, 11 Howard (U. S.) 154, 13 L. Ed. 643; United States v. Dashiell, 4 Wall. (U. S.) 182, 18 L. Ed. 319; Smythe v. United States, 188 U. S. 156, 47 L. Ed. 425, 23 Sup. Ct. Rep. 279; State, *ex rel.* Cook v. Fidelity & Dep. Co. of Md., 91 W. Va. 191, 112 S. E. Rep. 319.

Whether or not the court should apportion the funds remaining in the solvent bank and in the insolvent bank, so that the interested parties should share equally in the funds in the solvent bank as well as in the dividends from the insolvent bank, is a question we decide in the affirmative, as did the Chancellor below. "Equality is equity" is an ancient maxim of the Chancery Courts. Its application is no more righteously suggested than in a case like the present one, where the ensuing losses are capable of being prorated in proportion to the beneficial interests of the parties in the subject matter that is not required to be dealt with in order to dispose of appellant's petition.

The order appealed from is affirmed.

ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.